Harry K. McConnell, Esq. Village Attorney, Albion
You have asked whether the reduction in salary of an individual whose job description was changed from public safety administrator to police chief, violates section 207-m of the General Municipal Law.
Several years ago the Village of Albion adopted a local law that created a public safety department which included the former police department along with dog control, civil defense and parks and recreation. The position of police chief was abolished and the position of public safety administrator was established with the approval of the Orleans County Civil Service Department. The public safety administrator was given the responsibility for supervising the police department, dog control, civil defense and parks and recreation.
During the period that he served as public safety administrator, this individual received raises that were equal to or greater than the raise received by his highest ranking subordinate who was a member of the collective negotiating unit.
In November 1980, the Village Board enacted a local law which abolished the public safety department and the position of public safety administrator. The police department was reestablished as a separate entity and the other functions were transferred to other departments. The individual who had been serving as public safety administrator continued in the position of police chief of the reconstituted police department. In light of the reduction in duties, his base salary was reduced from $18,000 to $16,000. His reduced salary is $1400 greater than the salary of the highest ranking subordinate in the police department.
You have asked whether the reduction in his salary violates section207-m of the General Municipal Law. Section 207-m provides:
 "Notwithstanding the provisions of any general, special or local law or administrative code to the contrary, * * * whenever the base salary of the permanent full-time police officer who is a member of a negotiating unit and who is the highest ranking subordinate to the head of the police department in such unit, is increased, the salary of the permanent full-time head of the police department shall be increased by at least the same dollar amount of the increase received by such next subordinate police officer. The provisions of this section shall not apply to any head of a police department who is a member of a collective negotiating unit established pursuant to article fourteen of the civil service law."
Section 207-m requires that the salaries of police chiefs who are not members of collective bargaining units, be increased by at least the same dollar amount as the increase negotiated for the police chief's highest ranking subordinate who is a member of the negotiating unit. The statute was intended to avert the compression of the salary of police chiefs who are not in negotiating units of public employee labor unions (Sponser's Memorandum in Support of the Bill, Bill Jacket L 1977, ch 827).
You have indicated that the salary of the police chief was reduced as part of a departmental reorganization in which the individual's job description was changed from public safety administrator to police chief and his responsibilities were reduced. Section 207-m has no applicability to this type of situation. We find nothing improper in the actions of the Village Board insofar as you have described their actions to us.
In conclusion, the reduction of the salary of the police chief as part of a departmental reorganization, in which his job description was changed and his responsibilities were reduced, does not violate section207-m of the General Municipal Law.